DISSENTING OPINION BY JUDGE COSGROVE I agree with the concurring opinion of Judge McCullough noting that the Majority misreads this Court’s opinion in Valenta v. Workers’ Compensation Appeal Board (Abington Manor Nursing Home and Rehab and Liberty Insurance Co.), 176 A.3d 374, 2017 WL 6043509 (Pa. Cmwlth. 2017). Contrary to the Majority’s suggestion, Va-lenta does not allow a claimant’s evidence as to his/her experience in pursuing jobs identified in the labor market survey “to be considered against [him/her] in the overall evaluation of the availability of ... jobs.” (176 A.3d at 384-85). Such is a clear misread of V.alenta and more importantly, a misapplication of Phoenixville Hospital v. Workers’ Compensation Appeal Board (Shoap), 623 Pa. 25, 81 A.3d 830 (2013). In that case, the Supreme Court made clear that it was the employer which bore the burden of establishing that “the jobs identified by the employer’s expert witness that the claimant is ‘capable of performing must thus be those jobs that are actually open and potentially available....” Id. at 843 (emphasis added). The way the Majority applies this principle turns it on its head and allows a mechanism designed to protect the claimant to become a force against him or her. This cannot be what the Supreme Court meant. However, I cannot agree with the concurring opinion’s acceptance of the result reached by the Majority. The mistaken interpretation of both Phoenixville Hospital and Valenta so taints that result that I can do nothing other than dissent.